**Rockford Insurance Company v. Josiah G. Williams, Executor of the Will of Lavina Calkins, for the use of Ellen E. Calkins.**

1.   INSURANCE—*Waiver of Condition in the Policy.*—The insured held a policy containing provisions that it should be null and void if the insured was not the sole and unconditional owner in fee of the property, or if it should become mortgaged or in any manner incumbered.   He conveyed the property to a daughter-in-law upon conditions, etc., taking

Rockford Ins. Co. v. Williams.

a mortgage upon the same to secure the purchase money. The policy was assigned to her and sent to the agent of the company with a statement of the nature of the title held by the grantee of the property. The agent consented to the assignment and did not object to the title of the assignee. *It was held* that the condition of the policy was waived.

2. INSURANCE COMPANIES—*Bound by Statements of Agents.*—An insurance company is bound by the acts of its agent, in the exercise of powers within the apparent scope of his authority.

3. VARIANCE—*Objection Must be Specific.*—The general objection that the proof varies from the declaration is too general in its terms to save the question of variance.

4. SAME—*Objection Must be Made in Apt Time.*—The objection of a variance between the pleadings and the proof must be made in apt time in the court below and the variance pointed out.

5. WITNESS.—A witness may make a mistake which may cast a doubt upon the accuracy of his recollection of a certain transaction, but it does not necessarily follow that he is not worthy of belief.

**Memorandum.**—Assumpsit. In the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Declaration on an insurance policy; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

CHARLES A. WORKS, attorney for appellant.

FRANK L. HOOPER, FREE P. MORRIS and CHARLES W. RAYMOND, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was begun by Lavina Calkins to recover for the use of Ellen E. Calkins for the loss by fire of a barn upon which appellant had issued its policy of insurance to the amount of $800 to said Lavina Calkins, and which had been assigned by her to said Ellen E. Calkins with the consent of appellant. During the pendency of the suit Lavina Calkins died and her executor was substituted as plaintiff. There was a trial and plaintiff recovered $927.50, the amount of the insurance and interest.

By the provisions of the policy it was to be null and void if the assured should not be the sole and unconditional owner in fee of the property both at law and in equity, or

if the property should become mortgaged or in any manner incumbered, and any loss occurring was to be paid after receipt and acceptance by the secretary of defendant of customary and proper proofs made by the assured under oath. The conditions as to title and incumbrance were both violated and no proofs of loss were furnished, but a right to recover was claimed and established on the ground that all of said provisions had been waived by defendant.

The barn was situated on a farm of 200 acres owned by Lavina Calkins, to whom the policy was issued. On November 21, 1889, Lavina Calkins and husband made a conveyance of said premises to Ellen E. Calkins, wife of their son, J. M. Calkins, "as long as the said Ellen E. Calkins remains the wife of J. M. Calkins or his widow, and in case of the death of Ellen E. Calkins or re-marries, the fee simple shall be in the heirs of the said J. M. Calkins' body, provided that certain promissory notes given for the purchase money has been paid." On the same day Ellen E. Calkins gave a mortgage to Felix W. Calkins for said purchase money amounting to $10,000, divided into notes maturing annually up to January 1, 1910, with interest after due at eight per cent, and the notes were indorsed by him to said Lavina Calkins. The policy of insurance was assigned by said Lavina Calkins to Ellen E. Calkins February 11, 1890, and was sent to defendant by said Felix W. Calkins for its consent. The consent of the defendant was indorsed on the policy February 13, 1890, subject to its terms and conditions, and it was returned.

The question whether the provisions of the policy as to title in fee and incumbrance were waived, depends upon whether or not Felix W. Calkins sent with the policy to defendant when it was forwarded for consent to the assignment, a statement of the nature of the title held by Ellen E. Calkins and of the incumbrance. He was very positive at the trial that he sent such a statement, and on the other hand its receipt by defendant was positively denied by the assistant secretary of defendant having charge of the assignment of policies and indorsements thereon. There

was a letter received with the policy by defendant which contained no statement on those subjects. The alleged statement was said by Felix W. Calkins to have been written on another piece of paper, and he was certain that he pinned it on over a slip pasted on the policy permitting the use of gasoline. The policy has been sent to this court, and there are holes at the place indicated as the one where the statement was pinned, but they were both apparently made with some sharp pointed instrument from the face of the policy and not by the use of a pin in fastening a paper on the policy as claimed. He must have been mistaken in that particular, and, judging by the record merely, that mistake casts much doubt upon the accuracy of his recollection as to the other details of making and sending the statement; but it does not necessarily follow that he was unworthy of belief, and we can not say that the jury were clearly wrong in concluding that he sent the statement with the policy, although not pinned to it. The barn was burned November 29, 1890, and a letter was written December 1, 1890, by Felix W. Calkins to defendant, asking to have the loss adjusted. Afterward, J. M. Calkins, at the instance of his wife, made three trips to Kankakee, Illinois, to see James Dolan, who is claimed to have been an agent and adjuster of defendant, about the loss. He did not find Dolan until the third trip, when they met in a saloon in Kankakee, and, although the evidence was contradicted by Dolan, the jury were justified in finding that Dolan, in response to an inquiry as to what defendant would do about the loss, said that it would not pay it because it was not notified about the mortgage on the property.

It is contended that Dolan did not sustain such a relation to the defendant as authorized him to speak for it on that subject, so as to make a refusal to pay on the ground stated a waiver of other grounds. The evidence was that Dolan had been in the employ of defendant for about twenty years. He was working on a salary, as an agent of defendant, looking after agents, visiting them, making contracts with them, looking over their accounts, adjusting losses,

making collections, etc. He had adjusted a great many losses, covering a good many years. He had cards for use furnished by defendant, on which he was designated as special agent and adjuster for defendant. The method adopted to set him to work, as adjuster in any case, was to send him a notice of the loss on a printed blank, prepared by defendant, and, in this case, such a notice was sent him on the usual blank, and he went to Watseka in pursuance of it and investigated the title to the property in question. He found the mortgage which apparently rendered the policy void, and made his report to defendant of that fact, and did nothing further in the matter. It seems that he was an adjuster of defendant, and had been engaged as such in this matter. We think that his statement of defendant's ground for refusal to adjust the loss would bind defendant.

The date of the deed from Lavina Calkins to Ellen E. Calkins, and the estate conveyed, were not correctly given in the declaration, and the date and amount of the mortgage made by Ellen E. Calkins and the name of the mortgagee were wrong. It is now objected that the proofs in those particulars were variant from the averments of the declarations. The deed and mortgage were each admitted in evidence without objection, and no objection to them on account of variance was made at any time on the trial. A motion was made, after the evidence was all in, to exclude the testimony and direct a verdict for defendant, but the motion was not put upon the ground of variance which was necessary to make that objection available. Libby, McNeill & Libby v. Scherman, 146 Ill. 540.

There were some objections made on the trial, on the ground of variance, but they were not well taken, since they related to immaterial dates, each averred under a *videlicet*, or where the averment corresponded with the legal effect of the transaction, and the variance was not substantial. Some instructions asked by defendant were refused, but they were merely attempts to take advantage of supposed variances, without pointing them out, and they were properly refused.

It is objected that the recovery was too large because of

the nature of the estate of Ellen E. Calkins in the property. The barn was worth from $1,000 to $1,200 and all the notes that were due had been paid.   We think that she was damaged by the destruction of the barn to the amount of the insurance.

Objection is made to remarks of counsel for plaintiff in his closing argument to the jury.   Objections were made at the time and sustained by the court.   The jury were informed that the remarks were improper as they unques-- tionably were.   In view of the action of the court, we think they do not afford ground for reversal.   Seeing no reversible error in the record, the judgment will be affirmed.